UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

REGINA GUESS,

                Plaintiff,

    -vs-                         **No. 6:16-CV-06637(MAT)**
                                     **DECISION AND ORDER**
DR. BABAK S. JAHROMI,
CYNTHIA A. ZINK,
SUSAN A. MOODY,
MARY ELLEN WILSON,
CHRISTOPHER WALSH,

                Defendants.

---

**I.   Introduction**

Plaintiff Regina Guess ("plaintiff"), proceeding *pro se*, filed this action alleging claims of fraudulent concealment and breach of contract against the several defendants. On October 20, 2016, this Court granted plaintiff's motion for *in forma pauperis* status but dismissed the action in its entirety as jurisdictionally defective. Presently before the Court are plaintiff's motions for reconsideration and for permission to file an appeal to the Second Circuit Court of Appeals. Docs. 10, 11. For the reasons discussed below, plaintiff's motions are denied.

**II.  Discussion**

    **A.   Plaintiff's Motion for Reconsideration**

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration; however, "[t]raditionally, courts treat such motions under the scope of Rule 59(e), which provides for alteration or amendment of a judgment as long as such motion is filed no later than ten days from the entry of judgment."

Sidney v. United States, 2006 WL 1144549, *1 (W.D.N.Y. Apr. 28, 2006). The standard for granting a motion for reconsideration is "strict," and reconsideration will "generally be denied unless the moving party can point to controlling decisions or data that the court overlooked. . . ." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Patterson-Stevens, Inc. v. Int'l Union of Operating Eng'rs, 164 F.R.D. 4, 6 (W.D.N.Y. 1995) (Rule 59(e) permits reconsideration of a prior decision when there has been an intervening change in the law, new evidence becomes available, or there is a need to correct a clear error or prevent manifest injustice). This standard must be strictly applied in order to "avoid repetitive arguments on issues that have been considered fully by the court." Griffin Indus., Inc. v. Petrojam, Ltd., 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999).

Plaintiff's motion for reconsideration does not present any new evidence or overlooked precedent that could alter the Court's final decision in this action. Plaintiff's motion papers focus on her employment discrimination claim, which was previously dismissed. See Guess v. Univ. of Rochester, 2015 WL 4891377, *1 (W.D.N.Y. Aug. 17, 2015), reconsideration denied, 2015 WL 5824854 (W.D.N.Y. Oct. 6, 2015), appeal dismissed (2d Cir. 15-3325) (Dec. 30, 2015). She also discusses fraud claims which were presented in the instant action, all of which relate factually to her employment discrimination claim. As discussed in the Court's Decision and Order dated October 20, 2016, the Court has no

jurisdiction over these state law claims. Plaintiff has not presented any reason, sufficient to satisfy the strict standard under Rule 59(e), that the Court should reconsider its decision. Therefore, plaintiff's motion for reconsideration is denied.

**B.   Plaintiff's Motion for Permission to Appeal**

The procedure leave to proceed on appeal *in forma pauperis* from the District Court to the Court of Appeals is governed by Rule 24 of the Federal Rules of Appellate Procedure, which states in relevant part that "[a] party who was permitted to proceed *in forma pauperis* in the district-court action, . . . may proceed on appeal in forma pauperis without further authorization, unless . . . the district court – before or after the notice of appeal is filed – certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification[.]"

28 U.S.C. § 1915(a)(3) requires "an inquiry into the merits of the appeal rather than the subjective good faith of the plaintiff." Weber ex rel. Brown v. Multimedia Entm't, Inc., 2001 WL 669001, *1 (S.D.N.Y. June 14, 2001) (citing Clay v. New York Nat'l Bank, 2001 WL 277299, *1 (S.D.N.Y. Mar. 21, 2001). In this case, plaintiff's claims lack merit because they are jurisdictionally defective. As a result, plaintiff has no chance of success on appeal. Further, any claims related to the facts of plaintiff's prior employment discrimination action are barred by principles of res judicata. See See, e.g., Cieszkowska v. Gray Line N.Y., 295 F.3d 204, 206 (2d Cir. 2002). Therefore, leave to appeal *in forma pauperis* is

denied because any appeal taken could not be deemed to be taken in good faith.

**III. Conclusion**

For the reasons stated above, plaintiff's motion for reconsideration (doc. 10) is denied. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the Court's Decision and Order dated October 20, 2016 would not be taken in good faith, and plaintiff's motion for permission appeal to the Court of Appeals as a poor person (doc. 11) is therefore denied. Pursuant to Fed. R. App. P. 24(a)(4)(B), the Clerk of the Court is directed to immediately notify the parties and the Second Circuit Court of Appeals of this certification.

ALL OF THE ABOVE IS SO ORDERED.

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:   November 15, 2016
         Rochester, New York.